IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| KENNETH MARTIN, Register No. 187664, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4002-CV-C-SOW |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT, RECOMMENDATION AND ORDER

      Plaintiff Kenneth Martin, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

      On July 2, 2007, defendants Larry Crawford, Tom Clements and Doug Worsham filed a motion for judgment on the pleadings. Defendants' motion argues that plaintiff's claims against them in their official capacities are redundant of his claims against defendant Missouri Department of Corrections, and therefore, should be dismissed. In response, plaintiff states Larry Crawford, Tom Clements and Doug Worsham are properly named defendants and the official capacity claims against them are also proper. Plaintiff requests his claims against defendant Missouri Department of Corrections be dismissed to cure any redundancy.

**I.    Standard for Judgment on the Pleadings**

      The standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss. The distinction between a motion to dismiss and for judgment on the pleadings is merely a procedural issue,[1] and thus, a Rule 12(c) motion for judgment on the pleadings is reviewed under the standard that governs 12(b)(6) motions seeking dismissal for failure to state a

---

[1]Technically, pursuant to Rule 12(b)(6), a 12(b)(6) motion to dismiss cannot be filed after an answer has been submitted.

claim on which relief may be granted. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing St. Paul Ramsey County Med. Ctr. v. Pennington County, 857 F.2d 1185, 1187 (8th Cir. 1988)).

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

## II. Discussion

To grant defendants' motion would effectively dismiss plaintiff's claims because the Missouri Department of Corrections would be the only remaining defendant, and the Department is not a proper defendant in a 42 U.S.C. § 1983 action. As an entity of the State of Missouri, the Department is not a person within the meaning of the Civil Rights Act, 42 U.S.C. § 1983. See Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986), cert. denied, 479 U.S. 851 (1986). Moreover, the Department also has Eleventh Amendment immunity and is not subject to an action for damages or equitable relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

Thus, although defendant Missouri Department of Corrections (DOC) has not joined in the motion for judgment on the pleadings filed by the other defendants, this court finds the granting of plaintiff's responsive motion to voluntarily dismiss his claims against DOC in order to cure the redundancy argued by defendants Larry Crawford, Tom Clements and Doug Worsham is proper. Dismissal of plaintiff's claims against DOC will allow plaintiff to proceed on his properly plead official capacity claims against defendant prison officials Larry Crawford, Tom Clements and Doug Worsham seeking prospective injunctive relief. See Ex parte Young, 209 U.S. 123, 159-60 (1908) (state officials may be sued in their official capacities for prospective injunctive relief when a plaintiff alleges that the officials were acting in violation of the Constitution or federal law); id.; Heartland Academy Community Church v. Waddle, 427 F.3d 525, 530 (8th Cir. 2005). The dismissal of DOC as a defendant moots the motion for judgment on the pleadings.

2

**III.    Motion to Strike**

On July 20, 2007, plaintiff filed a motion to strike defendants' July 2, 2007 certificate of service for initial disclosures filed on the court record. Plaintiff's motion states that the May 10, 2007 scheduling order provided initial disclosures were to be due June 18, 2007, and that defendants served such disclosures two weeks late, on July 2, 2007.

Plaintiff's claim of untimely service of initial disclosures fails to provide a basis for this court to strike the certificate of service filed by defendants regarding such disclosures. Additionally, the court notes that plaintiff does not allege he has been denied discovery or has been prejudiced in any way by the two-week delay in receiving initial disclosures from defendants.

Upon motion filed and for good cause shown, it is

ORDERED that defendants are granted until November 13, 2007, to file their motion for summary judgment. [31] It is further

ORDERED that plaintiff's motion to strike is denied. [28] It is further

ORDERED that plaintiff's motion to voluntarily dismiss his claims against the Missouri Department of Corrections is granted. [26] It is further

RECOMMENDED that defendants' motion for judgment on the pleadings be denied. [24]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 1st day of November, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4