IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

KENNETH MARTIN, Register No. 187664,  )
                                       )
                 Plaintiff,            )
                                       )
         v.                            )   No. 07-4002-CV-C-SOW
                                       )
LARRY CRAWFORD, et al.,                )
                                       )
                 Defendants.           )

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Kenneth Martin, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

In the alternative to granting their motion for summary judgment, defendants request that this case be stayed to allow plaintiff to begin the process to obtain eagle feathers from the United States Fish and Wildlife Service, pursuant to a new revision in policy[2] of the Missouri Department of Corrections (hereinafter "MDOC"). Defendants state that once plaintiff is able to obtain his eagle feathers, his claims under the Religions Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment will be moot and there will be no issues left for summary judgment. Plaintiff has joined in the request for a stay of proceedings in this case.[3]

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2] See defendants' January 29, 2008 supplemental reply suggestions in support of their motion for summary judgment.

[3] While plaintiff joins in the request for a stay, he states that the one policy revision by MDOC is likely not to resolve his claims in their entirety. Plaintiff states other MDOC policies are still likely to prevent him from receiving the eagle feathers he seeks for use in the practice of his Native American religion.

Upon review, a stay of proceedings in this case will be granted. However, because the parties have not specified the duration necessary for the stay, a conference will be scheduled to discuss the issue of the duration of the stay.

Because MDOC policy is the core element of plaintiff's claims, and defendants advise such policy is currently being modified, the pending motions for summary judgment will be denied, without prejudice. Should plaintiff's claims not be resolved by the changes in MDOC policy, the parties may refile their respective motions.

Plaintiff's motion for reconsideration of the January 8, 2008 order denying his motion to strike "Exhibit E" of defendants' motion for summary judgment is denied.

IT IS, THEREFORE, ORDERED that plaintiff's motion for reconsideration of his motion to strike "Exhibit E" is denied. [45] It is further

RECOMMENDED that the parties' motions for summary judgment be denied, without prejudice. [30, 33]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 17th day of June, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge